# In the United States Court of Federal Claims

No. 13-426 C

(Filed November 10, 2015)

```
* * * * * * * * * * * * * *   *
GROOMS & COMPANY              *
CONSTRUCTION, INC.,           *
                              *
                              *   Motion to Dismiss for Failure to
              Plaintiff,      *   Prosecute; RCFC 41(b);
                              *   Dismissal Not Ordered at This
        v.                    *   Time.
                              *
THE UNITED STATES,            *
                              *
              Defendant.      *
* * * * * * * * * * * * * *   *
```

**<u>ORDER</u>**

     Before the court is defendant's motion to dismiss for failure to prosecute brought pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims (RCFC).  Although defendant's motion contains irrefutable evidence that plaintiff has failed to adequately prosecute its claim before this court, plaintiff shall be afforded a final opportunity to comply with this court's orders and to avoid dismissal under this court's rules.  For this reason, defendant's motion shall be denied.  The court notes, however, that in light of the pattern of dilatory conduct on the part of plaintiff described herein, this order serves as plaintiff's final warning that failure to comply with this court's orders and/or with plaintiff's discovery obligations shall constitute sufficient grounds for the court, without further notice to plaintiff, to enter an order dismissing this case pursuant to RCFC 41(b).

# BACKGROUND[1]

The complaint in the subject matter was filed on June 27, 2013.[2] Four counts are presented in the complaint, all related to a construction project performed by plaintiff for the United States Department of Labor in Iowa. After a number of disputes arose, a Request for Equitable Adjustment (REA) was certified by plaintiff and presented to the contracting officer on January 10, 2013. The monetary value of the claim encompassed in the REA is asserted to be $2,798,382.77 – the same amount that plaintiff seeks in this suit.

Defendant's answer, filed on October 25, 2013, includes the affirmative defense of accord and satisfaction which asserts that a bilateral contract modification bars a portion of plaintiff's claim. The parties were invited to participate in Alternative Dispute Resolution (ADR) but resolved to do so only after the completion of "at least some discovery." Order of November 4, 2013. A Joint Preliminary Status Report (JPSR), timely filed on December 16, 2013, set forth a proposed discovery schedule. There was no indication in the JPSR that plaintiff faced any particular challenges in prosecuting this suit or that the proposed schedule was impractical.

On January 2, 2014 the court adopted the parties' proposed discovery schedule, including the following deadlines:

(1) **Initial Disclosures**, exchanged on or before **January 30, 2014**;

(2) **Fact Discovery**, completed no later than **October 28, 2014**;

(3) **Plaintiff's Designation of Experts and Service of Expert Reports**, by **December 16, 2014**;

(4) **Defendant's Designation of Experts and Service of Expert Reports**, by **February 17, 2015**;

---

[1]/ The facts recited here are undisputed.

[2]/ The complaint is unpaginated in violation of RCFC 5.5(c)(6).

(5) **Service of Plaintiff's Response Report(s)**, by **April 16, 2015**;

(6) **Service of Defendant's Reply Report(s)** by **May 19, 2015**;

(7) **Expert Depositions**, from **May 25, 2015 - June 25, 2015**; and

(8) **Joint Status Report**, no later than **July 16, 2015**.

Preliminary Scheduling Order of January 2, 2014.

     The parties mutually agreed to delay the exchange of initial disclosures until February 11, 2014. Def.'s App. at 3-4. Defendant met that deadline, plaintiff did not. *Id.* at 6. Further, as noted by defendant in a letter dated February 20, 2014, plaintiff's initial disclosures did not appear to comply with RCFC 26(a)(1)(A)(iii) regarding the accounting back-up for plaintiff's computation of damages. *Id.* at 7-8. Nothing in the record before the court shows that plaintiff has *ever* complied with RCFC 26(a)(1)(A)(iii) or this court's Preliminary Scheduling Order of January 2, 2014 which specifically cites this rule. Plaintiff has apparently failed to provide in approximately two years (December 2013 through November 2015) what plaintiff's counsel agreed to provide in approximately two months (December 2013 through January 2014).

     On February 20, 2014, defendant urged plaintiff to correct the deficiency in plaintiff's initial disclosures on or before March 24, 2014. Def.'s App. at 8. When no response from plaintiff's counsel was received, defendant served discovery requests upon plaintiff on March 31, 2014. These formal requests included document production requests and interrogatories. *Id.* at 27-29, 33-34. Plaintiff did not provide any documents or answers to interrogatories within thirty days, as requested.[3]

     Instead, the parties held a telephone conference on May 15, 2014 to discuss defendant's outstanding discovery requests. Def.'s Mot. at 2-3. Plaintiff's counsel promised during this call to provide more accounting data, but weeks went

---

     [3]/ There is no indication in the record that plaintiff has *ever* substantively responded to this requested discovery, or, for that matter, to supplemental discovery requests served on July 24, 2014.

by with no action from plaintiff. *Id.* at 3.  On June 13, 2014, defendant inquired as to when plaintiff would be meeting its discovery obligations.  Def.'s App. at 15.  On June 24, 2014, plaintiff's counsel provided additional accounting information which defendant characterizes as "woefully inadequate."  Def.'s Mot. at 3.  In a July 2, 2014 email to plaintiff's counsel, defendant's counsel provided, in painstaking detail, his analysis of the shortcomings in plaintiff's accounting data related to its computation of damages.  Def.'s App. at 20-21.  This letter noted, too, that the court's discovery schedule was becoming unrealistic due to the delays in obtaining basic information from plaintiff.  *Id.* at 21.

On July 24, 2014, the government served renewed discovery requests upon plaintiff which included new topics triggered by the accounting information provided by plaintiff on June 24, 2014.  Def.'s App. at 24-39.  There is no evidence that plaintiff *ever* responded to these document production requests or interrogatories.  On October 7, 2014 the parties discussed settlement by telephone.  *Id.* at 44.  One day before fact discovery was due to close, the parties requested a stay of proceedings for ninety days so that settlement could be pursued and acknowledged that discovery had "only just begun."  Jt. Mot. to Stay of October 27, 2014.  Deadlines were suspended and a joint status report regarding settlement negotiations was required to be filed by January 26, 2015.  *See* Order of October 29, 2014.

Defendant alleges, and plaintiff does not refute, that settlement negotiations were stymied by plaintiff's failure to present a settlement offer containing the supporting information requested by the government.  Defendant's counsel, Mr. Douglas Hoffman, repeatedly asked for a sufficiently-supported settlement offer from plaintiff but none was forthcoming.  Mr. Hoffman's emails of November 19, 2014, January 22, 2015 and January 23, 2015 eventually produced a request from plaintiff for additional time to prepare a settlement offer.  Def.'s App. at 41-44.  Based on plaintiff's proposed schedule for settlement negotiations, which would not even *begin* until after the status report deadline set by the court, the parties moved for a sixty-day extension of the ninety-day stay on the day the status report was due.  *See* Jt. Mot. of January 26, 2015.

The parties' request for an additional sixty-day stay noted the delay encountered in trying to obtain a sufficiently-supported settlement proposal from plaintiff, and specifically set February 12, 2015 as the agreed-upon deadline for

plaintiff's settlement proposal, among other deadlines. *Id.* This proposed deadline originated with plaintiff, not defendant. Def.'s App. at 42. The court granted the sixty-day stay, noted the deadline for plaintiff's settlement proposal as well as other deadlines, and set a new deadline of March 27, 2015 for a status report. *See* Order of January 28, 2015. Plaintiff's settlement proposal, due February 12, 2015, was delivered over a month late, on March 16, 2015, despite government counsel's reminders and scolding.[4] Def.'s App. at 45-47. Not only was the settlement schedule disrupted (and now virtually impossible to complete during the stay period), defendant considered plaintiff's settlement proposal deficient because it suffered from the same defects plaguing plaintiff's previous computation of damages – there was insufficient supporting documentation to permit an analysis of the proposal by the government. Def.'s Mot. at 4.

On March 19, 2015, March 20, 2015, March 24, 2015, and March 27, 2015, Mr. Hoffman attempted to contact plaintiff's counsel regarding the settlement impasse caused by plaintiff's inadequate settlement proposal documentation and/or the need to propose a revised schedule for discovery activities to the court. Mot. for Extension of Time of March 27, 2015. No response from plaintiff was received. On March 27, 2015, Mr. Hoffman requested a few more days so that a joint status report could be prepared; the court granted this enlargement request. The parties were ordered to confer and file a joint status report on April 9, 2015. Order of March 30, 2015.

Defendant attempted to communicate with plaintiff's counsel before this deadline but received no response. Def.'s Mot. at 5. In an attempt to comply with the court's *joint* status report order, on April 9, 2015 defendant filed a *unilateral* status report and proposed an updated discovery schedule. The court's next order noted that plaintiff's counsel had failed to communicate with Mr. Hoffman as required by this court's orders:

> This case has been stayed since October 29, 2014
> in order to facilitate the parties' settlement negotiations.
> The most recent input from plaintiff regarding the status

---

[4]/ Although defendant redacted its exhibit of plaintiff's settlement proposal to remove confidential settlement information, plaintiff improperly did not. *Compare* Def.'s App. at 45, *with* Pl.'s Resp. at 7-8, *and* Pl.'s App. at 19-20.

5

> of settlement negotiations was provided in a status report filed January 26, 2015. Plaintiff has an obligation to comply with the court's orders and to participate in recommendations to the court regarding further proceedings.

Order of April 13, 2015. The court therefore placed the onus of filing the next status report, due April 23, 2015, on plaintiff, not defendant. *Id.* Plaintiff was also ordered to confer with defendant's counsel. *Id.*

Plaintiff's counsel apparently ignored every directive of the court's order. There is no record of any contact between plaintiff and defendant before April 23, 2015. Nothing was filed by plaintiff on or before April 23, 2015. Although plaintiff eventually referenced a "stalemate" in settlement negotiations which occurred on April 29, 2015, Pl.'s Status Report of May 27, 2015, this date is outside the time-frame set by the court. On May 4, 2015, with no sign of compliance with the court's order of April 13, 2015, the court issued a Show Cause Order citing RCFC 41(b) informing plaintiff that dismissal for failure to prosecute was a possible consequence of plaintiff's failure to comply with the court's orders. Plaintiff was afforded three weeks, or until May 26, 2015, to either file its status report or a notice explaining why dismissal for failure to prosecute should not occur.

Plaintiff missed this deadline as well. On May 27, 2015, plaintiff filed a status report agreeing to the discovery schedule unilaterally proposed by the government in early April 2015. The court granted plaintiff's request to file its status report out of time, but warned plaintiff's counsel that "this court will have very little tolerance for any such behavior going forward." Order of May 29, 2015. The court also refused to accept plaintiff's illogical acquiescence to a schedule proposed several weeks earlier by defendant, because at that point the proposed schedule included expired deadlines for activities still to be completed. The parties were ordered to agree to a schedule with viable deadlines and to file a joint status report by June 5, 2015. *Id.*

The new discovery schedule proposed by the parties was adopted by the court and included the following deadlines:

    (1)    Plaintiff's **compliance with outstanding Government fact discovery** shall be **COMPLETED** by or before **July 6, 2015**;

    (2)    Plaintiff shall designate expert(s) and serve report(s) on defendant by or before **October 29, 2015**;

    (3)    Defendant shall designate expert(s) and serve reports and response(s) on plaintiff by or before **January 21, 2016**;

    (4)    Plaintiff shall serve response report(s) on defendant by or before **February 18, 2016**;

    (5)    Defendant shall serve reply report(s) on plaintiff by or before **March 17, 2016**;

    (6)    Experts shall be available for deposition **March 21, 2016 - April 15, 2016**;

    (7)    On **May 12, 2016**, or two weeks after completion of discovery, whichever occurs earlier, counsel are directed to **FILE** a **Joint Status Report**.

Order of June 4, 2015. Most noteworthy among these deadlines is plaintiff's deadline of July 6, 2015 to finally produce the documents and answers to interrogatories requested by defendant on March 31, 2014 and July 24, 2014. Incredibly, despite having approximately one year to perform these discovery tasks, which plaintiff originally agreed to complete before October 28, 2014, plaintiff failed to meet the July 6, 2015 compliance deadline. Instead, after 5 PM on July 6, 2015, plaintiff's counsel, Ms. Cynthia Malyszek, requested that government counsel agree to an informal extension through July 13, 2015. Def.'s App. at 54. On July 7, 2015, government counsel agreed to this short extension beyond the time period for compliance set by this court. *Id.*

       Further extensions of time were requested by plaintiff's counsel the

following week; on July 15, 2015 the government finally refused to accede to any more delays. Def.'s App. at 52. Mr. Hoffman suggested, instead, that Ms. Malyszek draft a motion for an enlargement of time for his review. *Id.* No communications were received from plaintiff's counsel, despite a reminder email from Mr. Hoffman on July 20, 2015. Def.'s Mot. at 7. The government's next action in light of plaintiff's failure to meet deadlines or even to respond to communications from Mr. Hoffman was to file a Notice Regarding Non-Compliance with Scheduling Order, detailing plaintiff's failure to meet the July 6, 2015 deadline and failure to timely request an extension from the court regarding that deadline. Notice of July 22, 2015. Defendant also noted the impact of these delays on the court's discovery schedule, and that the government might be forced to file a motion to dismiss for failure to prosecute. *Id.*

According to the government, as of September 13, 2015 plaintiff had still not complied with the discovery due on July 6, 2015, and had still not responded to any of Mr. Hoffman's communications on this topic. Def.'s Mot. at 8. Hence, defendant's motion to dismiss for failure to prosecute was filed on September 13, 2015. Plaintiff's response brief was due October 1, 2015. The docket shows that an incomplete filing was submitted at two minutes before midnight on October 1, 2015, but the complete response brief (including attachments) was not filed until almost 3 PM October 2, 2015.[5] The court granted plaintiff's motion for an enlargement of time and accepted for consideration plaintiff's corrected brief. Defendant's reply brief was timely filed on October 16, 2015. Oral argument was neither requested by the parties nor required by the court.

## DISCUSSION

This court's rules permit dismissal when "the plaintiff fails to prosecute or to comply with these rules or a court order." RCFC 41(b). There is relatively sparse precedential commentary on this rule in appeals decided by the United States Court of Appeals for the Federal Circuit. Two precedential cases provide some general guidelines.

---

[5]/ All versions of this brief and its appendix contain unredacted settlement positions that are improperly before the undersigned. *See supra* note 4. The court has not considered the settlement figures proposed by plaintiff to defendant, but admonishes Ms. Malyszek that the filing of such unredacted material is unacceptable.

In the first case, the Federal Circuit noted that "dismissal is a harsh sanction." *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986). Nonetheless, dismissal under RCFC 41(b) is within the discretion afforded the trial judge.[6] *Id.* (citations omitted). Indeed, the Federal Circuit pointed out that a trial court's power to enforce its orders through the sanction of dismissal "'must be more than theoretical.'" *Id.* at 177 (quoting *Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168, 1170 (D.C. Cir. 1981)). In *Kadin*, plaintiff's dilatory conduct was adequate justification for a dismissal for failure to prosecute:

> [The] appellant repeatedly and without valid justification ignored both court-imposed deadlines and court rules. Indeed, the appellant did not even timely respond to the order to show cause why the complaint should not be dismissed or request leave to file its untimely response. . . . The appellant's entire course of conduct reflected a callous disregard for the rules and regulations of the court and fell far short of the obligations an attorney owes to a court before which he is conducting litigation.

782 F.2d at 176-77. Plaintiff's conduct here is strikingly similar. Multiple court-ordered deadlines have been ignored. Here, too, no valid justification has been offered to excuse plaintiff's delays in completing basic discovery tasks and Ms. Malyszek's failure to reasonably confer with defendant and to submit timely filings.[7] The only obvious difference between this case and *Kadin* is that here

---

[6] / Defendant argues that the Federal Circuit has not explicitly adopted any multi-factor test which sets bounds on the trial court's discretion in this regard. Def.'s Reply at 6. That statement of the law appears to be correct, although at least one judge of this court has considered such a framework as part of the dismissal for failure to prosecute inquiry. *See CANVS Corp. v. United States*, 110 Fed. Cl. 19, 29 (2013) (citing *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006)). Defendant argues, further, that only a "gross abuse of discretion" invalidates a dismissal by this court for failure to prosecute. Def.'s Reply at 6 (citing *United States v. Chas. Kurz Co.*, 396 F.2d 1013, 1016 (C.C.P.A 1968)). The court does not reach this contention because it is unnecessary to the court's analysis here.

[7] / Although plaintiff recites a litany of claimed obstacles to compliance with defendant's
(continued...)

plaintiff's counsel has asked for leave to file untimely submissions once deadlines have passed.

Turning now to a second, oft-cited case, the Federal Circuit again noted that dismissal under RCFC 41(b) is within the discretion of the trial court. *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990) (citations omitted). In *Claude E. Atkins*, the plaintiff had been twice warned in court orders that dismissal under RCFC 41(b) might result if that party continued to ignore court-ordered deadlines. *Id.* Under this precedent, therefore, "two clear warnings" referencing RCFC 41(b) will apparently suffice so that dismissal is not an abuse of the trial court's discretion. Here, plaintiff received one clear RCFC 41(b) warning, as well as two more general warnings that plaintiff must comply with the court's orders. *See* Orders of April 13, 2015, May 4, 2015 and May 29, 2015. Plaintiff has continued to flout discovery deadlines and miss filing deadlines. Thus, under *Claude E. Atkins* and *Kadin*, dismissal of this case for failure to prosecute is indeed within the court's discretion.[8]

Although the parties have cited a number of non-precedential cases in support of their positions on dismissal, the court finds these citations to cases to be of little assistance here because dismissal for failure to prosecute is a fact-specific inquiry. Further, the one United States Supreme Court case cited by plaintiff, *Link v. Wabash Ry. Co*, 370 U.S. 626 (1962), speaks generally of the trial court's discretion to dismiss for failure to prosecute but offers little guidance in the circumstances of this case.[9] The court therefore considers whether, under the

---

[7](...continued)
discovery requests, none of the obstacles cited can excuse the egregious failures on the part of plaintiff to meet generously extended compliance deadlines that were agreed to by plaintiff's counsel.

[8]/ If two explicit warnings referencing RCFC 41(b) are required to justify dismissal under the rule, this order and the court's Show Cause Order of May 4, 2015 provide notice of this court's final warning to plaintiff. It does not appear, however, that the Federal Circuit would require two warnings in all circumstances. *See Duncan v. United States*, 432 F. App'x 963 (Fed. Cir. 2011) (affirming, in a non-precedential decision, a dismissal entered two weeks after the deadline for the filing of an amended complaint had passed, where only one dismissal warning was provided the plaintiff).

[9]/ Plaintiff appears to rely largely on the dissenting opinion in *Link*. Pl.'s Resp. at 5 &
(continued...)

limited guidance provided by binding precedent, and upon examination of the particular facts of this case, it should dismiss plaintiff's suit.

The exhibits provided by the parties show that plaintiff's prosecution of its claim has been dilatory and unacceptable. The docket in this case reflects that repeated warnings to plaintiff's counsel have had no beneficial effect on plaintiff's compliance with its discovery obligations or its obligations to defendant's counsel and the court. Dismissal appears to be the only option which would conclusively put an end to unjustified delays and the flouting of the court's deadlines by plaintiff. The court is nonetheless mindful that dismissal is the harshest of sanctions, and that plaintiff would more deeply suffer the consequences of dismissal than would plaintiff's counsel.[10] Accordingly, despite plaintiff's abysmal record of failing to prosecute its claim thus far, the court nevertheless concludes that offering plaintiff a final chance to fulfill its responsibilities as a litigant before this court is in the interests of justice.

## CONCLUSION

Defendant's motion is denied for the foregoing reasons. Although plaintiff's response brief sets forth a proposal for a revised discovery schedule, that schedule is now outdated, whether or not it was ever achievable, or acceptable to both parties.[11] The court prefers that both parties confer and establish a

---

[9](...continued)
nn.4-6.

[10]/ Plaintiff's response brief attempts to excuse dilatory conduct by referencing the challenging circumstances of Grooms & Company Construction, Inc. and asserting that the principals of that company are difficult to reach. The court notes, however, that some of the excuses for delays presented to Mr. Hoffman by Ms. Malyszek focused on the unavailability of plaintiff's counsel and her associates. *See* Def.'s App. at 9, 53-54. At other times plaintiff's counsel simply did not respond to communications from Mr. Hoffman, or vaguely commented that the preparation of requested documents would take more time without identifying any particular excuse. *See id.* at 40-41. On this record, the court cannot attribute plaintiff's dilatory conduct primarily to the circumstances of Ms. Malyszek's client.

[11]/ The court notes defendant's concern that plaintiff cannot locate the most basic of contract performance documentation to prosecute its claim. *See* Def.'s Reply at 4 n.3. The court observes that over two years have passed since the filing of the complaint in this case. Neither

(continued...)

discovery schedule that will be realistic and which will be accomplished. That schedule should take into account the fact that further disregard by plaintiff of court-ordered deadlines shall be sufficient grounds for dismissal pursuant to RCFC 41(b).

To ensure that defendant's counsel is not, once again, obliged to repeatedly remind plaintiff's counsel of upcoming or missed deadlines, the court now requires plaintiff's counsel to file all upcoming joint status reports and any joint motions for enlargements of time. Regarding the latter, plaintiff's counsel is directed to the provisions of RCFC 6(b), in general, and specifically to the requirement that "good cause" be shown for requested extensions of time. Accordingly, it is hereby **ORDERED** that

(1) Defendant's Motion to Dismiss for Failure to Prosecute, filed September 13, 2015, is **DENIED**;

(2) Plaintiff's counsel shall **PROVIDE** a copy of this order to each of the principals of Grooms & Company Construction, Inc. on or before **November 16, 2015**; and

(3) On or before **November 30, 2015**, plaintiff shall **FILE** the parties' **Joint Status Report** proposing a revision of the discovery schedule set forth in the court's order of June 4, 2015.

                                                      /s/Lynn J. Bush
                                                      LYNN J. BUSH
                                                      Senior Judge

---

[11](...continued)
the scattered state of plaintiff's contract documents, nor the communication difficulties between plaintiff's counsel and the Grooms principals, constitute valid excuses for any disruptions of this litigation going forward. If plaintiff is not, at this late hour, prepared to efficiently litigate its case, dismissal, voluntary or otherwise, would be appropriate.